CLEGG *v.* JOHNSON.

(Division B. Oct. 24, 1932.)

[143 So. 848. No. 30177.]

Shands, Elmore & Causey, of Cleveland, for appellant.

John T. Smith, of Cleveland, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellee sued appellant on a policy of burial insurance for damages in the sum of one hundred and fifty dollars for an alleged breach of the policy by appellant. The action was brought in the court of a justice of the peace of Bolivar county where there was a trial resulting in a judgment, from which judgment an appeal was taken to the circuit court of that county, where there was a trial de novo, resulting in a judgment against appellant in the sum of one hundred and fifty dollars; from that judgment appellant prosecutes this appeal.

Henry Johnson, who was the husband of the appellee, died on November 11, 1930. At the time of his death appellee held what is commonly known among the colored race as a burial policy in appellant's association. The policy, among other things, provided that the association would furnish appellee, on the death of her husband, Henry Johnson, "a burial in the sum of one hundred and fifty dollars, including casket, hearse service and embalming . . ." "upon satisfactory proof the payment of all dues and assessments under this contract and proof of the age of the deceased member, according to the limits stated in the schedule below;" and that the failure to pay the dues and assessments as provided in the policy within the time fixed should render the contract null and void. It was set out in the policy that the deceased, Henry Johnson, was forty-five years of age at the time the policy was issued. The policy further provided that the association would not accept a risk over the maximum age of sixty years at the next birthday, and, "if the true age of the applicant or any person named in the above schedule is not within the maximum and minimum ages at which said Burial Association accepts risks, then

this contract shall be null and void as to such persons,'' and that the association would not be liable on the death of any person named in the schedule, ''unless at the time of delivery of said contract, said person shall be living, in sound health and able to work, or until such person shall later become sound in health and able to work.''

Appellant's principal grounds of defense were that the policy was void and unenforceable as to appellee's husband, because at the time of its issuance he was over sixty years of age, and furthermore was not of sound health and able to work, and had never been since the issuance of the policy. The pleadings, under the law, in the justice of the peace court being principally oral, appellant was not required to, and did not, set up these defenses in written pleas. The evidence in the main was addressed to those two defenses. All dues and assessments had been paid on the policy.

Appellant assigns and argues as error the action of the court in granting appellee the following instruction: ''The Court instructs the jury for the plaintiff, Emma Johnson, that the contract by the plaintiff and the proof of the death of Henry Johnson, if any, and the proof of the request of the plaintiff on the United Benevolent Burial Association of Mississippi to bury the said Henry Johnson and the refusal or failure of the said association to bury the said Henry Johnson, if believed by the jury, make a prima facie case for the plaintiff, and if the jury believe these things they should find for the plaintiff unless the defendant overcomes this proof by clear and convincing credible evidence.''

Appellant's criticism of the instruction is that it confines the jury to a consideration alone of the proof of the death of appellee's husband, the request of appellee that appellant's association bury her husband, and the refusal or failure of the association to comply with that request. Those facts being undisputed, appellant argues that the instruction amounted to a peremptory charge to the jury to find for appellee if those facts were not

overcome by evidence on the part of appellant. We think the appellant's criticism of the instruction is well founded. Whether appellee's husband was dead or not was not an issue in the case; that fact was admitted by appellant. That appellee requested the association to bury her husband was without dispute in the evidence, as was also its failure to comply with that request. The only issues of fact for the jury to try were whether, at the time of the issuance of the policy, appellee's husband was over the age of sixty years, and whether at that time he was in sound health and able to work, or had later become of sound health and able to work. The instruction apparently undertakes to put before the jury the whole case, and fails to do so, in that it leaves out the only issues of fact the jury was called on to try. The instruction is erroneous; it leaves out material issues to be tried by the jury. In substance, by this instruction the court told the jury that, if the appellee had established certain facts set out in the instruction (none of which were controverted), a prima facie case was made out by appellee, and the jury should find for appellee, "unless the defendant overcomes this proof by clear and convincing credible evidence." What is the fair and reasonable construction of that language? We think the ordinary lay mind would understand it to mean that appellant, in order to defeat a recovery, was required by clear, convincing, and credible evidence to overcome the facts set out in the instruction about which, as stated above, there was no controversy.

Appellee argues, however, that whatever error there is in the instruction it was cured by the following instruction given for appellant: "The Court instructs the jury for the defendant, that if they believe from the evidence in the case that Henry Johnson, at the time the application was made, was above the age of sixty years, or that he was not in sound health and able to work, and that the defendant did not know of such condition, or age, at the time of the application, or at the

time of the issuance of the contract, then, the jury will find for the defendant, unless they should believe from the evidence that Henry Johnson was under sixty years of age, at said time, or that after said application he became in sound health and able to work.''

This instruction did submit for the consideration of the jury appellant's defenses, but we do not think it cured the error in appellee's instruction. The two instructions cannot be read into each other; they cannot be reconciled. Taken together, it cannot be safely said that the two instructions consistently and without conflict laid down the governing principles of law; they were calculated to mislead the jury.

There are two other questions in the case. The policy provided that, ''upon satisfactory proof. of the payment of all dues and assessments under this contract and proof of the age of the deceased member, according to the limits stated in the schedule below,'' appellant's association would pay one hundred and fifty dollars, etc. The evidence showed that appellee notified appellant's association of the death of her husband, and the association denied liability. She made no proof at the time of the payment of dues and assessments, nor of the age of her husband. Under the law, she was not required to do so, in view of the fact that liability had been denied. This was a waiver by the assocation of proof of those things. 33 C. J., pp. 32, 33, and 34, section 694.

Appellant contends that under the terms of the policy appellee was not entitled to the one hundred and fifty dollars for the following reasons: (1) The policy does not provide for its payment to her; (2) she failed to show that she had incurred any expense in the burial of her husband, but, on the contrary, the evidence showed he was buried in a potter's field. There is no merit in either of these contentions, the policy plainly provides for the payment of one hundred and fifty dollars to appellee to cover the expense of the burial of her husband; it used this language: ''Agrees to furnish to

Emma Johnson . . . the sum of one hundred and fifty dollars, including a casket, hearse service and embalming.'' It is wholly immaterial whether appellee went to any expense or not in burying her husband; the association obligated itself absolutely to pay over to her on the death of her husband one hundred and fifty dollars to cover the expense of the burial. The policy does not provide for the payment of a sum not exceeding one hundred and fifty dollars, but provides a fixed amount.

Since the judgment is to be reversed and another trial had, we will dispose of the question of admissibility of certain evidence offered by appellant and admitted by the court over appellee's objection. This evidence consisted of a certified copy of a record from the bureau of vital statistics, a branch of the state board of health service. This certified copy showed, among other things, appellant's age to be sixty-five years at the time of his death. If that were true, he was over sixty years of age when the policy was issued, as stated, sixty years being the maximum limit fixed in the policy.

Section 4904 of the Code of 1930, is in this language: ''A bureau of vital statistics shall be established by the state board of health, which shall provide an adequate system for the registration of births and deaths and preservation of vital statistics on forms prescribed by said board of health, and provide adequate methods for enforcing the laws and orders of the board relating to health matters of the state.''

Section 4908 of the Code of 1930, follows: ''Any copy of the records of birth, sickness or death, when properly certified to by the state registrar of vital statistics, to be a true copy thereof, shall be prima facie in all courts and places of the facts therein stated.''

Appellee's position is that the bureau of vital statistics had no authority, under the law, to keep and certify a record of the age of a person. It will be observed that the first section above set out provides that the bureau of vital statistics shall be established by the board of

208

health, and provision made for an adequate system "for the registration of births and deaths and preservation of vital statistics;" and the other section provides for the admission in evidence of certified copies by the registrar of vital statistics "of the records of birth, sickness or death." No provision is made for the record of the ages of persons at the time of their death. It is true that, if a record were made of the birth of a person and also a record of the death of such person, the age at death could be worked out. In the case of Massachusetts Protective Association v. Crawford, 137 Miss. 876, 102 So. 171, the court held that the certificate of death issued by the bureau of vital statistics under this statute which stated that death was suicidal was not admissible in evidence in an action on an accident policy. The certificate in question in this case does not show the date of the birth of the deceased. It only shows his age and the date of his death. The cause of his death is no' stated. We think it would be extending the statute beyond its purpose to hold that the bureau of vital statistics was required to keep a record of the ages of persons, except so far as might be shown by its records of births and deaths.

We are of the opinion that the other questions argued by appellant are not of sufficient seriousness to call for a discussion by the court.

Reversed and remanded.