## Sovereign Camp, W. O. W., *v.* Valentine.

(Division B. May 28, 1934. Suggestion of Error Overruled Sept. 11, 1934.)

[155 So. 192. No. 31276.]

**Geo. B. Neville,** of Meridian, **J. L. Adams,** of Quitman, and **Rainey T. Wells,** of Omaha, Neb., for appellant.

Chas. M. and Russell Wright, both of Meridian, for appellee.

712

**A. M. Byrd,** of Meridian, and **William Edwards,** of Shubuta, for appellee.

714

Argued orally by **Geo. B. Neville**, for appellant, and by **Russell Wright**, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellee brought this action against appellant, a fraternal insurance society, upon a benefit certificate of insurance of the face value of two thousand dollars issued to her husband, J. F. Therrell, claiming to be the beneficiary in such insurance certificate. The trial resulted in a verdict and judgment for appellee, from which judgment appellant prosecutes this appeal.

We hold that the court erred in refusing appellant's request for a directed verdict, which request was based upon the ground that appellee was not entitled to recover upon the insurance certificate, because she was not named therein as beneficiary in accordance with the constitution and by-laws of appellant, which were a part of the insurance contract. It is unnecessary, therefore, to state the case beyond a sufficiency to develop that question.

Therrell was married three times. His first wife's given name was Ora; the second, Ruby; his third, the appellee, now Mrs. Alice C. Valentine. The first benefit certificate issued to him by appellant was dated June 20, 1904; in it his wife Ora was named as beneficiary. On July 3, 1924, he changed the beneficiary, by written indorsement

on the certificate, to his then wife Ruby and his daughter, Clara Belle, and on July 21, 1924, a new certificate was issued, in which his wife Ruby and his daughter, Clara Belle, were named as beneficiaries. On January 28, 1927, the certificate involved in this suit was issued, in which the daughter, Clara Belle, alone was named as beneficiary. On August 1, 1931, Therrell married appellee. On the 5th day of October, 1931, he was taken suddenly and seriously ill with an affection of the heart and suffered greatly until the 26th of October, 1931, when he died.

Coming now to the crucial question—whether the beneficiary in this certificate was changed from the daughter, Clara Belle, to appellee, the wife—and treating the evidence as proving every material fact in appellee's favor which it tends to prove directly or by reasonable inference, the case is this: On October 7, 1931, while Therrell was confined to his bed and suffering great pain, he told appellee to send the certificate to Dr. Jones, the financial secretary of appellant's local camp to which he belonged, for the purpose of having the beneficiary changed from his daughter, Clara Belle, to appellee, his wife. The appellee thereupon gave the certificate to her brother, Clarence Kidd, and directed him to take it to Dr. Jones for that purpose. In a short while her brother and Dr. Jones came to Therrell's home. While there Dr. Jones told Therrell that the request had to be in writing. Therrell replied that he was in such a condition that he could not write, and asked if it would do as well for appellee, his wife, to do the writing for him and sign his name thereto, to which Dr. Jones replied that it would. Thereupon Therrell dictated to appellee the following note, which she wrote, not on the policy but on a separate piece of paper:

"Dr. Jones, please have this policy changed. I want it made to my wife Mrs. Alice C. Therrell. Yours truly,

"J. F. Therrell."

Appellee, according to the evidence in her behalf, did

the writing, and signed Therrell's name thereto in the presence of her brother, Clarence Kidd, and Dr. Jones, and two of her daughters. She then gave the note to Dr. Jones together with the certificate of insurance. He said he would send it in and have the change in beneficiary made. Appellee gave her brother fifty cents to cover the fee for making the change in the beneficiary; he gave the fee to Dr. Jones. At the bottom of the page of the paper on which the request for the change in beneficiary was written, Dr. Jones wrote the following: "Sov. Yates: Mr. Therrell wants policy changed to Mrs. Alice C. Therrell, wife. 10/7/31. Yours, C. H. Jones, F. S." No one signed the request as a witness to the signature of J. F. Therrell, unless this note by Dr. Jones thereon constituted such a witnessing as was required by the constitution and by-laws of the appellant society.

Appellant's home office is Omaha, Nebraska. The financial secretary of the home office was John T. Yates. Dr. Jones immediately forwarded the benefit certificate, with the written request, to him, and asked that the beneficiary be changed from Therrell's daughter, Clara Belle, to appellee. On the 15th of October, 1931, Dr. Jones received a letter from Yates returning the benefit certificate and the written request for change of beneficiary. In the letter Yates stated that he was returning them for the reason that the form on the back of the certificate, under the head "Change of amount or beneficiary," had not been filled out and signed by the member, and asked that before the certificate was returned to the home office the form on its back be "filled out, signed by the member, witnessed and returned to this office with the required fee of twenty-five cents, upon receipt of which it will be given prompt attention." Dr. Jones did not forward the fee with the certificate and request because he expected to do that at the end of the month along with other collections going to the home office. The request, when returned, had stamped on it

"No money," and the date "October 9, 1931." Dr. Jones kept the certificate in his office until October 24, 1931, when he gave it to the daughter, Clara Belle. Therrell died two days after that—the 26th of October, 1931.

Clara Belle also wanted her stepmother substituted as beneficiary in the certificate. As evidence of that fact, on October 24, 1931, when Dr. Jones turned the certificate over to her, she attempted to cancel it in this manner: Under the caption on the certificate, "Change of amount or beneficiary," Dr. Jones filled out the blanks, except the first one, and she signed there instead of at the bottom. They both had a misconception as to who should sign this indorsement. It was intended, of course, for the signature of the insured and not for the beneficiary, and was required by the constitution and by-laws of the association to be signed by the insured and witnessed. The home office of appellant knew nothing of this transaction between Dr. Jones and Clara Belle until after the death of Therrell. Dr. Jones returned the fifty cents to appellee. He testified that he made no attempt to let appellee know that the beneficiary in the policy had not been changed, because he had been told by Mr. Therrell's physician that he was so ill he was unable to attend to any business. Shortly after Therrell's death, Dr. Jones and Mr. Hardee, the banker of the local camp, told appellee that the beneficiary had not been changed, and for that reason the proceeds of the certificate would go to Clara Belle, the daughter, instead of to appellee. Appellee believed these statements, and for that reason took no further steps in the matter.

The daughter, Clara Belle, made proof of the death of her father, and on November 18, 1931, was paid two thousand thirty-five dollars and forty cents by the Sovereign Camp, being the amount due under the certificate. Notwithstanding the fact that, under section 1756, Code 1930, the proceeds of this insurance were exempt from the debts of the insured, the daughter, Clara Belle, paid

out of such proceeds her father's debts and funeral expenses, amounting to about one thousand dollars. In addition she paid appellee one hundred dollars by check and paid a debt of fifty dollars due by appellee. However, appellee did not know that these amounts were paid out of the proceeds of the insurance.

Appellee made no claim either to appellant's home office, or to the financial secretary or banker of the local camp, that she was the beneficiary in the certificate and was entitled to its proceeds, until after the daughter, Clara Belle, had been paid the insurance money and had expended something like twelve or thirteen hundred dollars for the purposes above stated.

Sections 72 (a) and 109 (g) of the constitution and laws of appellant association, in force in 1931, were introduced in evidence. Section 72 (a) provides that, should a member desire to change the beneficiary named in his certificate, he may do so by filing with the secretary of the association his written request ''properly witnessed,'' giving the name or names of such new beneficiary or beneficiaries, accompanied by a fee of twenty-five cents; or by delivering the same to the financial secretary of the local camp for transmission to the secretary of the home office; and, when received, the secretary of the association shall indorse the name or names of the new beneficiary or beneficiaries upon the certificate, or he may issue a new certificate to him, subject to the same conditions as the one surrendered, containing the name or names of the newly designated beneficiary or beneficiaries; and in case of the death of such member after the execution and delivery of the request for the change to the secretary of the association, or the financial secretary of the local camp, and before the change is made by the secretary of the association, then and in that event the amount payable upon such certificate shall be paid to such newly designated beneficiary or beneficiaries according to the terms of the member's request. Section

109 (g) provides that the financial secretary shall not by acts, representations, or waivers, nor shall a camp by vote or otherwise, or any of its officers, have any power or authority to waive any provision of the constitution, laws, and by-laws of the association, nor to bind the sovereign camp by any such acts.

Section 5249, Code 1930, which is a part of article 14 of the Code chapter on insurance, under the subtitle of Fraternal Societies, provides that the constitution and by-laws of such a society may provide that no subordinate body, or any of its subordinate officers or members, shall have the power or authority to waive any of the provisions of the constitution and laws of the society, and the same shall be binding on the society and each and every member thereof and on all beneficiaries of members, and no custom or course of conduct in violation of any of the provisions of the constitution and laws of the society shall be held to constitute a waiver or estoppel on its part.

It is at once apparent that under the statute, in connection with the constitution and laws of appellant, neither Dr. Jones nor any other officer of the local camp had the right to waive any of the provisions in the benefit certificate, or any provision of such constitution and laws. Under the terms of the certificate, appellant's constitution and laws are as much a part of the certificate as if they had been written therein.

If Therrell had done the necessary acts to have appellee substituted as beneficiary in the certificate in the place of his daughter, and had died before the substitution was made, under section 72 (a) of appellant's constitution and laws, appellee would be entitled to be treated as the beneficiary and receive the proceeds of the certificate. But the question is, Had the necessary things been done before Therrell's death to change the beneficiary from the daughter to appellee, leaving nothing to be done by the home office except to make the change? Appellant

occupied a relation of trust toward Therrell; it was bound to use reasonable care to the end that Therrell's bounty go to the person or persons to whom he wanted it to go. Recognizing that obligation, appellant adopted the provisions of its constitution and laws above referred to, and by section 5249, Code 1930, the legislature approved the intent and policy of such regulations.

As above shown, appellant's constitution and laws required the request for change of beneficiary to be in writing, signed by the insured, "properly witnessed," giving the name of the new beneficiary, accompanied by a fee of twenty-five cents for making the change, such written request to be transmitted to the secretary of the association at its home office, or delivered to the financial secretary of the local camp for that purpose. The purpose in requiring a witness to the written request for change of beneficiary was to prevent false and fraudulent substitution of beneficiary; and purpose was to provide for a witness to the genuineness of the signature as a measure to prevent forgeries, and the name of the witness and the fact that he signed as a witness are necessary. Therrell's written request for change of beneficiary was signed by no one as a witness. It is true, according to appellee's evidence, that Dr. Jones was present when the written request was dictated by Therrell and signed by appellee for him; nevertheless, he was requested by no one to sign it as a witness, and did not so sign. At the bottom of the request he wrote a note to the home office stating that Terrell wanted the beneficiary changed from his daughter to appellee, but there is no intimation in this note that he was present and witnessed the execution of the request. The evidence shows that this note by Dr. Jones was not written in the home of Therrell when the request was dictated by Therrell to appellee, and by request she signed his name to it, but was written after he had left Therrell's home and had reached his office.

Dr. Jones testified that he was not present when the

request was dictated and signed, and knew nothing about it, except what appeared on the paper itself. However, for the purpose of this decision, we are assuming that appellee's evidence is true—that he was present. The home office at Omaha had several genuine signatures of Therrell; it had one on his application for the insurance, and had others requesting a change of beneficiary from his first wife to his second, and after her death to his daughter, Clara Belle, and perhaps one or two others. When this last request for change of beneficiary reached the home office, the record there demonstrated, by comparison of the signature thereto with Therrell's genuine signatures on file, that the signature to the request was not the genuine signature of Therrell. The home office therefore had nothing whatever before it to show that it was in fact Therrell's request and not a forgery, except the note written by Dr. Jones stating that Therrell wanted the beneficiary changed to appellee. Dr. Jones did not state in his note to the sovereign secretary that he witnessed the execution of the request by Therrell, or that of his knowledge Therrell wanted the change in beneficiary made. For aught that appeared on the paper, and from Dr. Jones' note, the latter might have been fraudulently imposed upon by some one. So, when Therrell died there had been neither a literal nor a substantial compliance with appellant's constitution and by-laws with reference to change of beneficiary. Of course, nothing could have been done after his death to bring about a change. Furthermore, the regulations prescribing the manner in which such a change shall be made were for the protection of appellant as well as Therrell. Such regulations were to insure appellant against paying the insurance money more than once—the very thing that would take place in this case if the judgment were affirmed.

We would not be understood as holding that, if Dr. Jones, in fact, witnessed the execution of the request, he

could not at any time thereafter sign it in that capacity. We have here a case where he did not sign it as a witness, and would have refused to do so if requested, because he testified that he did not, in fact, witness the request—was not present.

Appellee contends that, under section 1587, Code 1930, appellant admitted the execution of the request for change of beneficiary and the signature of Dr. Jones thereto as a witness, because appellant failed to deny those facts under oath. The statute provides, among other things, that, in suits founded on any written instrument set forth in the pleading, it shall not be necessary to prove the signature or execution thereof, unless the same be specially denied by a plea verified by the oath of the party pleading the same. What is the written instrument that is the foundation of this suit, is it the benefit certificate or the written request for change of beneficiary, or both? Has the statute any application to the request for change in beneficiary? We do not decide this question because it is not in the case. The request for change of beneficiary does not appear to have been witnessed by Dr. Jones; there is no evidence whatever on the face of it indicating that he witnessed its execution. On its face the request shows that the constitution and by-laws of appellant were not complied with in its execution. In other words, admitting to be true everything shown on the face of the written request, still, for the reasons above set out, appellee was not entitled to recover. Appellant was not required to deny a thing under oath that did not stand in the way of defeating the action.

Reversed, and judgment here for appellant.