AFRO-AMERICAN SONS AND DAUGHTERS *v.* WEBSTER.

(Division B. May 6, 1935. Suggestion of Error Overruled June 3, 1935).

[161 So. 318. No. 31681.]

Currie & Currie, of Hattiesburg, for appellant.

Wm. Haralson, of Hattiesburg, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellee brought this action against appellant in the county court of Forrest county on a fraternal life insurance policy issued by appellant to appellee's grand-

mother, Fannie Harris, deceased, in which appellee claimed to be the beneficiary. There was a trial and judgment in favor of appellee in the sum of three hundred seventy-five dollars. From that judgment appellant appealed to the circuit court of the county, where the judgment of the county court was affirmed, and from that judgment appellant prosecutes this appeal.

Appellee is the grandson of the insured, Fannie Harris. The grandmother died shortly before this suit was brought; she held an insurance policy, or "benefit certificate" as it is more often referred to in the evidence, in appellant organization. A photostatic copy of the certificate, except the back of it, was made an exhibit to the declaration. The face of the policy referred to the beneficiary without naming him. Appellee, claiming to be the beneficiary, brought this action.

Appellant assigns and argues as error the action of the court in refusing to render judgment for it upon the ground that it was not shown that appellee was the beneficiary. Whether appellee was the beneficiary in the policy—whether the right of action existed in him—was a matter in abatement. This question could not be raised during the trial, unless written notice thereof had been given by appellant with its plea stating the name of the person entitled to bring the suit. Section 514, Code of 1930. An objection that the plaintiff cannot sue, or sues by an improper name, must be made by plea in abatement. Hudson v. Poindexter, 42 Miss. 304. This was not done. The question was raised for the first time during the progress of the trial.

Section 5246, Code of 1930, provides, among other things, that no service of process on a fraternal insurance company shall be binding when it is required to appear and plead in less than thirty days from the date of the mailing of the copies of such service to the society. The first summons for appellant was issued on the 5th day of

July, 1933, returnable on the 10th day of July, 1933. Of course, the service of this summons under the statute did not require appearance by appellant. However, thereafter an alias summons was issued on January 2, 1934, served on January 3, 1934, which required appellant's appearance on the 12th day of February, 1934, more than thirty days from the day of service. There was no evidence in the record of the mailing of a copy of the summons as required by the statute. Appellant's appearance and the trial took place after the latter return day. Appellant moved to quash the first summons, which motion was overruled; then moved to quash the second summons, which was also overruled. That action of the court is assigned and argued as error. Appellant's contention is that both the first and the last service were void. Suppose they were—appellant's rights were not shown to have been prejudiced thereby. It appeared and defended the action. Suppose it had done so without any process whatever being issued and served, could it complain? There is no such thing in this state as special appearance in our courts. It has long been the settled practice "that when a party comes in he must come in entirely or else he must entirely stay away." There is no such thing as "partly appearing and partly not appearing." McCoy v. Watson, 154 Miss. 307, 122 So. 368, 369.

Appellant's constitution and by-laws provide that it will not insure any one over the age of forty-five years. The certificate provides that any false statement as to the age shall, at the option of the society, avoid the policy upon returning to the beneficiary or holder all dues paid, and that the application for membership and the by-laws of the order shall be a part of the contract as though the same were fully written therein. In a special plea the appellant set up that Fannie Harris, the insured, stated in her application that she was forty-five years old, which

was not true; that she was much older; and that this false statement avoided the certificate. The evidence showed without conflict that she was nearer seventy years of age than forty-five. Neither the application nor a copy of it was attached to appellant's special plea, nor produced at the trial, notwithstanding it was in appellant's custody, if in existence. It lay at the very foundation of this contention; appellant should have produced it under the best evidence rule. For aught that appears to the contrary in this record, the insured stated her true age in the application. In the absence of proof to the contrary, it will be presumed that she did.

The question is whether or not appellant was liable, regardless of that violation of its constitution and by-laws. There was no evidence that its charter was violated in issuing the certificate. The rule is laid down thus in 45 C. J. 15, par. (14) b: "The fact that a certificate of membership is issued to one who is beyond the age limit at which persons can be admitted to the society under its constitution and by-laws does not render the contract void where such contract is not prohibited by the society's charter; but such contract is ultra vires where the age limit is fixed by the charter or certificate of incorporation." We think that those principles are sound. If appellant issued the certificate knowing that the insured was over the age limit, the contract, nevertheless, is binding. If the insured, however, stated in her application her age to be forty-five years or less, we might have a different case; but we are unable to find any evidence in this record that she made any such statement. The application itself, as stated, is the best and only evidence, as long as it is in existence and obtainable, as to what she did state with reference to her age.

We do not think the other assignments of error are of sufficient merit to call for a discussion.

Affirmed.