SOVEREIGN CAMP, W. O. W., *v.* MUSE *et al.*

(Division B. Oct. 28, 1935.)

[163 So. 682. No. 31861.]

534

C. R. Bolton, of Tupelo, for appellant.

C. L. Sumners, of Corinth, for appellees.

536

**E. C. Sharp**, of Booneville, for appellees.

Argued orally by **C. R. Bolton**, for appellant, and by **C. L. Sumners**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Some years ago appellees' decedent, Fred H. Muse, became the holder of a beneficiary certificate or policy of life insurance in appellant society, paying the dues or premiums upon the monthly payment plan. The policy contained a stipulation in regard to the monthly payment of dues or premiums to the effect that if a policyholder "fail to make any such payment on or before the last day of the month, he shall stand suspended, and during such suspension his beneficiary certificate shall be void." This provision is accompanied by other provisions for the reinstatement of a suspended policyholder, but all these provisions for reinstatement contain the requirement that, as a condition therefor, the member must be in good health. See Brotherhood of Railroad Trainmen v. Bridges, 164 Miss. 356, 144 So. 554.

Mr. Muse had made the payments of his monthly dues up to and including the month of June, 1933, but on or about July 15, 1933, he became seriously ill, from which illness he never recovered, and there was an oversight or neglect in the payment of his July dues, and the dues for that month were not paid to the local collector until August 23, 1933. In the meantime, and on or about August 15, 1933, the local collector, called the financial secretary of the local camp, had made his report to the head office for July, 1933, and in this report had reported Mr. Muse in default and as suspended.

On August 31, 1933, there was paid to the local financial secretary the dues for August, and on or about September 15, 1933, the financial secretary remitted to the head office the two payments received by him during August on the Muse certificate or policy. Five days before this remittance to the head office Mr. Muse had died, the

death being on the 10th day of September, 1933, but no information of this fact was sent to the head office of the society, and of this the head office was not informed until the receipt by it of the proof of loss on October 7, 1933. The society declined the claim and returned the dues, collected as aforesaid on August 23d and 31st.

The principal argument in behalf of appellees is that the default in the payment in time of the July dues was waived by the acceptance thereof by the local financial secretary on August 23d. We are precluded from assent to this argument because under a similar policy with the same society we have held in Sovereign Camp v. Valentine, 170 Miss. 707, 720, 155 So. 192, that the financial secretary is without power or authority to waive. The head office may and can waive, but the payments received in August by the local financial secretary were not remitted to the head office until after the death, and, at the time of the receipt of these payments by the head office, that office was without information that the death had already occurred; and thus we are obliged to apply the settled rule that the acceptance of a past-due premium after loss without knowledge of the loss does not revive a previously forfeited or suspended policy. A waiver must be by an agent empowered to waive and before the loss or death, or, if after the loss or death, it must be with knowledge of the loss or death, and this knowledge must be that of the empowered agent. See Stonewall Life Ins. Co. v. Cooke, 165 Miss. 619, 638, 144 So. 217.

At the biennial session of the sovereign camp of appellant society held in July, 1933, there was made an amendment to its by-laws, effective on August 1, 1933, as follows: ''Sec. 79 (a) Any member of this Association, except members holding term certificates or members holding certificates providing for automatic premium loans, who has paid all monthly installments due on his certificate for a period of three consecutive years from

the date placed thereon by the Secretary of the Association, and who shall thereafter fail to pay the August, 1933, or any subsequent monthly installment of assessment on or before the last day of the month when due, the Association, if his certificate does not provide otherwise, without any action on his part, will pay not exceeding three monthly installments of assessments, including the installment of assessment which the member failed to pay, for such member.''

In view of the unavoidable uncertainties which encompass the daily lives of all, the misfortunes of sudden illness, serious accidents, temporary business reversals and disappointments, the hundreds of possible eventualities which may, and often do, prevent the prompt payment of monthly premiums, the just and beneficent provision above quoted ought to be required, by legislative action, to be embraced in every policy of life insurance payable on the monthly premium plan. If this laudable provision had been in force one month earlier, the present policy would have been saved to the family of the insured and would have in fact furnished the protection for which the husband and father had for so many years been paying the premiums.

What we have above stated, in reference to the amendment to the by-laws, whereby had the default occurred in and for the month of August, 1933, the association would have paid the dues for that month and succeeding months, is by way of predicate for a response to the contention of appellees that the default of the monthly premium payment was in fact for the month of August, and not for July. We have searched the record for some substantial ground upon which we might uphold that contention, but we are constrained to say that the whole course of the pleadings, all the evidence, and every document submitted discloses that the unfortunate default was for the month of July, 1933, and much as it is to be regretted, we are without rightful authority to sustain

the judgment of the trial court, either upon this or the several other contentions of appellees, all of which we have examined with the candid hope that some of them might be well taken.

Reversed, and judgment here for appellant.