AFRO-AMERICAN SONS & DAUGHTERS *v.* WILLIAMS.

(Division B. Nov. 15, 1937. Suggestion of Error Overruled Dec. 13, 1937.)

[176 So. 725. No. 32886.]

Campbell & Campbell, of Yazoo City, for appellant.

**J. H. Price,** of Indianola, for appellee.

Argued orally by **T. H. Campbell, Jr.**, for appellant, and by **J. H. Price**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellee is the beneficiary under an alleged certificate or policy of life insurance in appellant society. The charter of the society limited its membership and insurance to those not over 60 years of age, and its constitution made a further limitation to those not more than 55 years of age. Appellant declined to pay on the death of the insured, and has defended the suit brought by the beneficiary on the ground, among others, that the insured was not less than 70 years old at the time of the application and issuance of the certificate or policy. On the trial the chancellor held that the insured was over age, but that appellant, with knowledge of the facts, received the premiums and kept them, and is, therefore, bound to pay the policy. The insured stated in her application that her age was 55.

The evidence supports the finding of the chancellor that the insured was more than 55 years of age, and

would indicate that she may have been more than 60, at the time of the application. If more than 60, her supposed contract was ultra vires and void. But, if between 55 and 60 and appellant society knew that fact, and thereafter accepted premiums, the society would be held to have waived the constitutional limit and the contract would be good. Afro-American, etc., v. Webster, 172 Miss. 602, 609, 161 So. 318. But that knowledge must be that of an agent of the society empowered to waive, and there is no evidence sufficient to support a decree that any such agent of the society had any such knowledge until after the death. Knowledge by a mere local financial agent is not sufficient. Sovereign Camp, W. O. W., v. Muse, 174 Miss. 533, 540, 163 So. 682. This disposes also of the so-called "Cousin Tom" letter, written before the death.

It is urged by appellee that admitting, for the sake of the argument, that appellant had no knowledge of the over-age previous to the death, the society is bound by way of waiver, because the society has retained all the premiums paid, for more than 5 years after the death, when the fact is confessed by the general agent of the society that he was informed of the over-age within three weeks after the date of the death—and this apparently was the position taken by the chancellor as disclosed by his short opinion. No authority is cited in appellee's brief in support of that contention, and apparently the authorities do not sustain it. See 32 C. J., p. 1352; Ætna Ins. Co. v. Mount, 90 Miss. 642, 44 So. 162, 45 So. 835, 15 L. R. A. (N. S.) 471. We do not rest our conclusion, however, as decision, on what is said in the foregoing sentence; but on the fact that there was another defense made in the case and in good faith, it being strongly supported by the evidence, including the records of the society, that the policy had lapsed about three months before the death by the failure to pay the monthly premiums, in which case no return of the premiums would

be due. The chancellor seems to have solved the issue of nonpayment of premiums in favor of appellee, but, nonpayment being a defense strongly made and in good faith, it furnishes sufficient ground to avoid the stated point raised by appellee.

The decree will be reversed and the case remanded, with directions that the court find the amount of all premiums paid, and render a decree for appellee for the amount thereof, with legal interest, but for no further sum.

Reversed and remanded.