HILL *v.* STATE.

(In Banc. Feb. 14, 1944.)

[16 So. (2d) 626. No. 35440.]

J. F. Dean, of Senatobia, for appellant.

Greek L. Rice, Attorney-General, by R. O. Arrington, Assistant Attorney-General, for appellee.

Argued orally by J. F. Dean, for appellant.

Anderson, J., delivered the opinion of the court.

Appellant was indicted and convicted of the murder of Robert White and sentenced to be electrocuted. From that judgment, he prosecutes this appeal. The evidence was conflicting as to his guilt. The principal ground

relied on for reversal, and the only one of sufficient merit to require discussion, was a part of the argument of the district attorney to the jury, which was shown by the special bill of exceptions, as follows:

"In his argument, the District Attorney said that defendant violated two laws before he shot deceased. He violated the moral law in taking the wife of deceased and living with her in unlawful cohabitation, when there is no evidence in the record to show that defendant had anything to do with the wife of deceased or ever had illicit relations with her, or ever visited her. To this argument defendant's counsel objected and asked the Court to exclude same but the court made no response and the District Attorney continued the same argument to incite the jury against defendant upon evidence not in the record nor that could be legally inferred therefrom."

This bill of exceptions was presented to and signed by the judge during the trial. There was neither direct evidence nor evidence from which it could have been reasonably inferred that the appellant had "violated the moral law in taking the wife of deceased and living with her in unlawful cohabitation." We are of opinion that the argument was such as to be highly prejudicial to the rights of appellant. In Smith v. State, 141 Miss. 772, 105 So. 758, the district attorney in arguing used this language: 'Gentlemen of the jury, there is no use getting away from the issue; jealousy caused Smith to kill Darnell. Smith had been in this house with Jackson's wife, and enjoyed certain privileges. Darnell had come in and was taking Smith's place in this family, and Smith was jealous, and that was the reason Smith assassinated this man, Darnell. That is the issue in this case. You can't get away from it. Darnell was taking Smith's place. He was aroused by jealousy, and to get rid of Darnell he waylaid him in the crib and assassinated him." The judgment of conviction was reversed on that ground, the court using this language in part: "While great latitude must be allowed counsel in matters of argument, the

argument should be confined to the testimony and the proper inferences or deductions to be drawn therefrom. The argument in this case injected an issue that finds no support in the evidence, and the telling force with which this argument was used is shown by the recitals of the bill of exceptions that, after the objections to the argument had been overruled, the prosecuting attorney continued for a period of 10 or 12 minutes to repeat in substance, and in different language, that jealousy, and jealousy alone, caused the defendant to assassinate Darnell, and enlarged upon the so-called motives, the substance of which, as stated above in the quotation, was repeated time and time again over the objections of counsel for the defendant. We think this argument was prejudicial, and consequently the judgment of the court below will be reversed and the cause remanded."

Reversed and remanded.