WATTS *v.* STATE.

Division A. Dec. 11, 1950.

No. 37739 (49 So. (2d) 240)

**Linton G.** and **Linton D. North,** for appellant.

**George H. Ethridge,** Assistant Attorney General, for appellee.

**Lee, J.**

George Watts, alias Buddy Hanes, was indicted for the murder of Herman Lang. The jury found him guilty of manslaughter, with a recommendation of leniency, and he was sentenced to serve a term of ten years in the state penitentiary. From the judgment and sentence, he appeals here.

The shooting occurred on Easter Sunday morning, April 17, 1949. A number of Negroes had been at a night club. Watts and another invited a woman, who was present, to ride in their car, but she chose to leave in Lang's car. Lang and his companions drove down

the road, and Watts, driving his car, with his companions, followed. A third loaded car also proceeded behind the other two. The Watts car bumped the Lang car several times in the course of two or three miles. According to the State's evidence, when Lang turned off of the road, he stopped. Watts drove up by the side, got out, went to Lang, applied an epithet to him, struck him with a pistol and pulled him out of the car. As Lang was trying to get up, Watts shot him in the back. Thereupon, another Negro, in the Lang car, shot at Watts and wounded him several times, but without serious results. One witness testified positively to the above facts, and in most particulars, was corroborated by two others.

Watts denied the State's version. On the contrary, he contended that he did not shoot Lang. However, he admitted that he accosted Lang just as the State's witnesses testified, but claimed that he did so because Lang waved to him. It was his contention also that he struck Lang with a whiskey bottle rather than a pistol, and that he did so because Lang was endeavoring to draw a weapon. Appellant's son was in the party, and he and another witness gave corroboration to appellant's version.

With this sharp conflict in the evidence, of course, the issue of guilt or innocence was properly submitted to the jury.

But, appellant contends that the State did not prove the corpus delicti in that it was not shown that Lang's death resulted from the shot.

No medical evidence was offered by the State. It was shown that Lang was in good health. He was shot in the back, and could not get up. He was carried to a hospital in Jackson for medical attention, and remained there for some time. Later he was carried to the home of his parents, and thereafter to his own home. Several witnesses visited him often. He was never able to get up, and complained of pain in his back. He lived forty-eight days after the injury. One witness, not a doctor,

on cross-examination, testified positively that he died from a pistol shot wound.

 In a homicide case, the corpus delicti, consists of (1) the fact of death, and (2) the fact of the existence of criminal agency as the cause of the death. Pitts v. State, 43 Miss. 472; Perkins v. State, 160 Miss. 720, 135 So. 357, 359; Brooks v. State, 178 Miss. 575, 173 So. 409. "Both of these elements may be proven by circumstances." Perkins v. State, supra. See also 41 C. J. S., Homicide, Section 312, page 11.

 While good trial practice recognizes the virtue of producing expert evidence as to the cause of death, where a considerable period of time elapses between the injury and the death, we think that the circumstances in this case were sufficient to prove beyond reasonable doubt that Lang met his death by reason of a wound inflicted by Watts. At least, the evidence was sufficient to justify the jury in so finding. Besides, appellant obtained an instruction particularly requiring the jury to believe from the evidence beyond reasonable doubt that the defendant inflicted the wound complained of, and that such wound caused the death, and, unless they so believed, they should find the defendant not guilty.

Affirmed.