THOMPSON *v.* STATE.

Feb. 22, 1954

No. 39011 54 Adv. S. 33 70 So. 2d 341

*Riley & Johnson, M. Brandt Collins,* Natchez, for appellant.

*John E. Stone,* Asst. Atty. Gen., Jackson, for appellee.

Lee, J.

J. C. Thompson was indicted for the murder of Ber-thone Weir. The jury found him guilty of manslaughter and the court sentenced him to serve a term of ten years in the state penitentiary. From the judgment entered thereon he appeals.

On a Saturday night in May 1952, several Negroes, including Weir, the deceased, and J. W. Thompson, a brother of the appellant, were engaged in a crap game at Stigler Gray's place. A dispute arose between Weir and Thompson and they had a fight. When a state wit-ness undertook to separate the combatants, Thompson cut Weir on the jaw and the witness on the shoulder. About that time, according to two other state witnesses, J. C. Thompson came up behind Weir, who was stooping over to keep the blood off his clothes, and, with a knife, stabbed him in the left side. One of these witnesses also testified that Weir immediately turned around and exclaimed, ''J. C. done cut me,'' and that J. C. hurried away.

Appellant, testifying for himself, said that he took the knife from his brother, J. W., and struck Weir in the face in self-defense, as the deceased was advancing upon him. He denied that he stabbed Weir in the side.

The wounded man was taken to the hospital where Dr. J. B. Loe made an examination. The doctor found no fluid in the chest and considered the wound of a minor nature. After a day or two, the patient was discharged. Subsequently he was readmitted, at which time Dr. E. L. McAmis, the superintendent, attended him. At that time, there was fluid in his chest and he was in severe respiratory distress. Eight or nine days elapsed between the first admission and his death. No autopsy was performed. It was the opinion of Dr. McAmis that the stab wound in the chest, with hemor-rhage therefrom, was the cause of death. On the con-

trary, Dr. Loe expressed doubt as to the correctness of that conclusion.

██ Appellant contends that his requested peremptory instruction should have been granted because the State's proof was insufficient to show with reasonable certainty that Weir died as a result of the stab wound.

Of course, if a wound, not mortal in nature, is received, and death results from an entirely independent cause, the assailant who inflicted the wound is not responsible for the death. Quinn v. State, 106 Miss. 844, 64 So. 738.

██ The medical evidence as to the cause of death was conflicting. Hence it was the province of the jury to determine whether the stabbing of the deceased by the appellant was the cause. In passing on this question, the jury could accept the one and reject the other. Ivey v. State, 206 Miss. 734, 40 So. 2d 609; Woodward v. State, 180 Miss. 571, 177 So. 531; Watts v. State, 210 Miss. 236, 49 So. 2d 240. In the recent case of Buford v. State, No. 38,973, decided by this Court on January 25, 1954, where the confession had shown that the killing was effected with a pistol, but in the opinion of the surgeon, who had performed an autopsy, the death was caused by a sharp object and not a gun, it was held that this was one of the issues of fact for the determination of the jury on the question of Buford's guilt or innocence, inasmuch as the jury was warranted in believing from the evidence that the bullet had been coughed up with blood from the lungs. Consequently the peremptory instruction was properly refused.

Appellant complains that the court erred in admitting the death certificate, particularly as it showed the death as the result of homicide.

In Mass. Protective Assn. v. Cranford, 137 Miss. 876, 102 So. 171, where the certificate stated the cause of death as suicide, in construing Section 7064, Code of 1942, which provides for the admission in all courts of a certified copy of the record of death, this Court said: " * * * ██ We do not think the statute was

intended to authorize certificates to be introduced as prima-facie evidence except as to the prime physical cause of death * * *''. It was pointed out that, under the authorized purpose, the certificate should have shown the cause of death as gunshot wound, ''and not whether the wound was inflicted by any certain person, by assassination, by accident, or by intentional self destruction.'' Consequently, the objection should have been sustained. But, in view of the fact that Dr. McAmis, who made out the original certificate as to the cause of death, testified that death resulted from a stab wound, it follows that no harm could have resulted from the admission of the certificate.

 The answer to appellant's contention that the statement of the deceased, namely, ''J. C. done cut me,'' was erroneously admitted, is that the statement was contemporaneous with the stabbing, and was a part of the res gestae. Meek and Thornton v. Perry, 36 Miss. 190; McCoy v. State, 91 Miss. 257, 44 So. 814; Magee v. State, 145 Miss. 227, 110 So. 500; Cole v. State, 172 Miss. 19, 159 So. 296.

Appellant further contends that the court erred in not declaring a mistrial during the argument of the State's attorney. He obtained a special bill of exceptions, signed by the trial judge, which says that the State's attorney, during the argument, demonstrated with a large knife which had been exhibited before the jury, but which had not been introduced in evidence, and said that the defendant used it. The bill of exceptions does not show that objection was made to this argument, or that a mistrial was asked for. It is only shown therein that exceptions were taken and filed.

 Where the argument is improper or prejudicial it should be objected to. The trial judge must be afforded an opportunity to pass on the matter. After a ruling, if an objector is of the opinion that the improper or prejudicial argument has not been eradicated from the minds of the jury, he should move for a mistrial. Mat-

thews v. State, 148 Miss. 696, 114 So. 816; Holmes v. State, 151 Miss. 702, 118 So. 431; Wells v. State, 162 Miss. 617, 139 So. 859. The point was preserved in Smith v. State, 141 Miss. 772, 105 So. 758; Roney v. State, 153 Miss. 290, 120 So. 445; Hill v. State, 196 Miss. 503, 16 So. 2d 626; Augustine v. State, 201 Miss. 277, 28 So. 2d 243.

■■■ The affidavit of counsel, of date of January 27, 1954, as to what occurred in this respect at the trial in March 1953, not in the record of the trial, but appended to appellant's brief, can not, under Section 1533, Code of 1942, be considered a part of the record.

No reversible error appears in the record, and the cause is therefore affirmed.

Affirmed.

*McGehee, C. J.,* and *Hall, Holmes,* and *Ethridge, JJ.,* concur.