ETHRIDGE, Chief Justice:
These three cases, on appeal from the Chancery Court of Grenada County, sitting as the Youth Court of that county, involve substantially the same issues and facts, and were consolidated for hearing on appeal. The three appellants, Charlie T. Simpson, Mack Common, Jr., and William Booker, are 16, 15 and 17 years of age respectively.
Because of the similarity of these cases, specific reference is made only to No. 44,-302, In the Interest of Charlie T. Simpson, a Child. There is no notice to the court reporter, and no reporter’s transcript of the testimony. There is no bill of exceptions. The record reflects first a petition by the Grenada County Prosecuting Attorney. It alleged that Simpson is a child under 18 years of age, being 16 years and 5 months, and a resident of the City of Grenada. His natural father is O. C. Simpson, Sr., and his natural mother is Laura Ford of Grenada, who has custody and control of the child. Petitioner alleged that he believed Simpson is a delinquent child within the meaning of the Youth Court Act, in that he took several hundred pounds of copper from Lyon, Inc., and sold it to Mr. and Mrs. Tandy Lott for fifteen cents a pound; that he did this along with William Booker and Mack Common, Jr., appellants in the other two consolidated cases, and with two others. Petitioner prayed that summons be served on the child and his parents or guardian, commanding them to appear in youth court to show cause why he should not be declared a delinquent child, and for such other orders as the court might deem for his best interest. The case was set for hearing on June 10, and on May 30, the sheriff served copies of the summons on the minor and mother and father.
Charlie T. Simpson, the defendant, by his attorney, filed a pleading in which he denied that he was guilty of the matters set forth in the petition, entered his plea of not guilty, and stated that “under the law he is entitled to have such charges, if any, made to the Circuit Court of Grenada County, Mississippi, and such jurisdiction should be so certified by this Court.”
On the same date, the record reflects the order of the judge of the youth court: It recited that the matter came on for hearing on the sworn petition of the county prosecuting attorney, and that the court had jurisdiction, since the child was under 18 years of age, and he and the two parents had been properly summoned and were present in court and represented by counsel. The order further recited that the court, “having heard the evidence and having informed the defendant that he need not testify unless he wished to,” and being of the opinion that the allegations of the petition were true, denied the plea to transfer to the circuit court, and adjudged the minor to be a delinquent child within the meaning of the Youth Court Act. He was committed to the Oakley Training School until further order. The minor, by new attorneys, gave notice of intention to appeal to this Court, and proper appeal bond was made. The youth court granted a supersedeas on the commitment part of the order, pending this appeal.
Appellants filed with their brief several affidavits, which the State moved to strike. The motion was passed, to be decided when the case was submitted on the merits. The affidavits were not properly a part of the record on appeal and will not be considered by this Court. See Thompson v. State, 220 Miss. 200, 70 So.2d 341 (1954); Miss.Code 1942 Ann. §§ 1313, 1531, 1533 (1952). The motion to strike is sustained. Hence points II and III of appellants’ brief are not pertinent here, and we do not consider them. Cf. In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (May 15, 1967).
Appellants contend that they were denied their full right to appeal in that no transcript of the testimony below was provided. Mississippi Code 1942 Annotated section 7185-24 (1956) authorizes appeal to this Court from the youth court, but is *835 silent as to a court reporter’s transcript of the testimony. Assuming but not deciding that appellants would be entitled to a transcript of testimony upon request, no such request by appellants’ counsel in the trial court appears in this record, and apparently none was made. Moreover, the record does not reflect that a court reporter did not take the testimony. Code section 1640 requires notice to the court reporter to transcribe his notes within ten days after adjournment of court. Miss.Code 1942 Ann. § 1640 (1966 Supp.). This requirement is jurisdictional, and appellants do not contend that any such notice was given.
In addition, appellants were represented by counsel in the youth court, and counsel could have prepared and sent up on appeal a bill of exceptions reflecting any other proceedings or facts which transpired in the trial court. Miss.Code 1942 Ann. §§ 1313, 1524, 1531, 1969 (1956). This was not done. Thus on this appeal we consider the record which is properly before this Court, and find nothing in it which indicates any error by the youth court.
Affirmed.
All Justices concur.