302 So.2d 503 (1974)
Wayne BURKHALTER
v.
STATE of Mississippi.
No. 48133.
Supreme Court of Mississippi.
November 4, 1974.
*504 John L. Hopkins, Corinth, for appellant.
A.F. Summer, Atty. Gen., by Wayne Snuggs, Sp. Asst. Atty. Gen., Jackson, for appellee.
BROOM, Justice:
A conviction of manslaughter and a seventeen years' penitentiary sentence (five years suspended) resulted from appellant's murder trial in the Circuit Court of Alcorn County, Mississippi. We affirm.
Two propositions are asserted as grounds for reversal. First, appellant argues that the trial court erred in admitting into evidence two confessions made by the appellant before the corpus delicti was established by the evidence. Second, he argues that under the Weathersby Rule a peremptory instruction was erroneously denied him.
The appellant was indicted for the murder of Alfred Boyles, who was found battered and wounded on April 8, 1972, in a gully near Highway 72 West in Alcorn County, Mississippi. He died eight days later in a Memphis hospital. At the hospital a neurosurgeon, Dr. Roland, determined that death resulted from a "beating of fists and/or a blunt instrument" as evidenced by a stipulation between counsel for the state and defendant agreed to at the beginning of the trial. The state's proof showed that the deceased not only had a blow to the head but also had various contusions, abrasions, and bruises about other parts of his body.
By two written confessions, the appellant admitted that he (using his fist) struck the deceased near Highway 72 West where he and the deceased, and another man who did not testify, got out of a truck. Appeallant's version was that the deceased drew back to hit him and that he then struck the deceased one time in the back of his head. When the deceased was found, his wallet and watch were missing.

I.
It is argued by the appellant that at the time his confessions were admitted into evidence the state had not sufficiently established the corpus delicti. The general *505 rule is that the prosecution should first submit evidence tending to prove the corpus delicti before introducing into evidence a confession made by an accused person. However, the rule is not without some flexibility as to the order of proof in conjunction with confessions and independent proof of corpus delicti. 29 Am.Jur.2d Evidence § 530 (1967); 23 C.J.S. Criminal Law § 1046 at 1198-1199 (1961); 88 C.J.S. Trial § 96 (1955).
Prior to the introduction of the confessions in controversy, the state presented testimony that the deceased was found helpless in a gully and taken to a hospital where his brother promptly visited him and observed that he was unconscious. Next in order of the state's proof was the testimony of Dr. Welsh who attended the deceased at the hospital. Dr. Welsh's diagnosis was that the deceased suffered a blow to the back of his head with a blunt instrument. Following Dr. Welsh's testimony, the state introduced into evidence the two confessions of appellant as exhibits to the testimony of the sheriff. Next introduced into evidence was the stipulation that Dr. Roland, a neurosurgeon, if present, would testify that the cause of death was "a beating by fists and/or a blunt instrument."
In this posture of testimony and order of proof, there was certainly no reversible error in the admitting of the confessions into evidence before the stipulation on cause of death was introduced. Whether the cause of Boyles' death was a blow to his head by appellant or some other means was a question properly submitted to the jury. Thompson v. State, 220 Miss. 200, 70 So.2d 341 (1954). The rule is that the state must establish corpus delicti aliunde an out of court confession of the crime with which the accused is charged. This rule does not mean that the jury cannot in any case consider a confession when determining whether or not the corpus delicti has been proven. In cases where the accused has confessed commission of the crime, slighter evidence of the corpus delicti is sufficient. Of course, the evidence must be sufficient to establish "that a real, and not an imaginary, crime has been confessed." Brooks v. State, 178 Miss. 575, 173 So. 409 (1937).

II.
Appellant contends that his version of the fight with the deceased established by his confessions was not substantially contradicted in material particulars by any witness or physical facts or by facts of common knowledge, and that, therefore, he should have been granted a directed verdict pursuant to the rule of Weathersby v. State, 165 Miss. 207, 147 So. 481 (1933).
The Weathersby Rule is not applicable here because there were material contradictions to the appellant's version that he struck the deceased only one time in response to an attempt of the deceased to strike him. Some of the contradictions are the following: Testimony (inconsistent with appellant's version that he struck the deceased only once) showed that on the body of the deceased there were multiple contusions, abrasions and bruises; one state's witness (Glidewell) stated that the appellant told him he had hit Loke McAllister (not the deceased) in a fight; another state's witness, appellant's half-brother, testified that the appellant told him that he hurt his hand in a fight with a man in Tennessee; and in one of appellant's confessions he made no mention whatever that the wallet of the deceased was taken, but in his other confession he stated that the wallet was taken by James Lee Dunn, driver of the truck in which Dunn, appellant, and the deceased had been traveling.
In addition to the foregoing material contradictions, the appellant left his injured victim (of the robbery and beating) in an unattended and helpless condition. He not only failed to report the incident to anyone, but he absented the state within a short time. These factors take the case *506 outside the purview of the Weathersby Rule. McElwee v. State, 255 So.2d 669 (Miss. 1971). Only in rare cases does the Weathersby Rule apply, and this is not such a case. Murphy v. State, 232 Miss. 424, 99 So.2d 595 (1958). The trial court correctly submitted to the jury the question of appellant's guilt or innocence. Pace v. State, 298 So.2d 694 (Miss. 1974).
Affirmed.
GILLESPIE, C.J., and SMITH, ROBERTSON and WALKER, JJ., concur.