CASES ARGUED AND DECIDED

——IN THE——

# SUPREME COURT OF MISSISSIPPI,

——AT THE——

## MARCH TERM, 1898.

### DAVID LEE v. THE STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *District attorney. Improper remarks.*

   The remark of a district attorney, on an application for a continuance, that he would admit the affidavit of the accused as to what he expected to prove by an absent witness, but knew the witness would not swear to it, constitutes reversible error, when made in the hearing of the jurors afterwards impaneled to try the case, and considered in connection with his characterization of the affidavit in argument as a paper witness that he could not cross-examine.

2. SAME. *Absent witness. Affidavit for continuance. Admission. Code 1892, § 1425.*

   An instruction to the effect that the same weight should be given by the jury to the written testimony of an absent witness, as shown by defendant's affidavit for a continuance, which is admitted by the state, that they would give to the same testimony delivered orally on the stand, follows § 1425, code 1892, and its refusal constitutes reversible error when the witness had opportunity to know the facts stated in the affidavit and the accused has no other witness in respect thereto.

FROM the circuit court of Bolivar county.

HON. F. A. MONTGOMERY, Judge.

75 Miss.—40

*L. Brame* and *Sillers, Jones & Owen*, for the appellant.

The remarks of the district attorney set out in the motion for new trial were improper, and constitute reversible error. So, also, does the action of the lower court in refusing the second instruction asked by the accused, which followed § 1425, code 1892. The accused was convicted by improper means. *Lamar* v. *State*, 64 Miss., 687; *Hyman* v. *State*, 74 Miss., 829.

*Wiley N. Nash*, attorney-general, for the state.

No objection was made by accused or his counsel to the remarks of the district attorney at the time of their utterance. It is very evident that another trial could not change the result, and a new trial should not, therefore, be granted. *Garrard* v. *State*, 50 Miss., 148; *Barnett* v. *Dalton*, 69 *Ib.*, 617. The verdict is manifestly right, and should stand. *Klein* v. *Smith County*, 54 Miss., 254.

WHITFIELD, J., delivered the opinion of the court.

The remarks of the district attorney touching the affidavit for continuance seem to have been heard by some of the jury who tried the case. It was certainly not intended by the very efficient representative of the state that the jury should hear them, but, having heard them, it is impossible to say they did not, in conjunction with the remarks as to the affidavit's being a proper witness, prejudice the defendant, especially in view of the refusal of the second instruction asked by the appellant. This instruction was not upon the weight of the evidence. It merely stated the rule of law—the statutory rule—which should guide the jury when the affidavit as to what an absent witness would testify to is before the jury, instead of his oral testimony delivered in person. The instruction should have been given as eminently proper, in view of the fact that Weems was the only eyewitness defendant had. The state's testimony showed Weems was at the scene of the killing, and could have " seen into the room [where deceased was killed] if he had wanted to." In view of this conceded fact, the errors indicated are reversible errors.

*Judgment reversed, verdict set aside and cause remanded.*