CHARLES LOHREY v. STATE OF MISSISSIPPI.

[45 South., 145.]

CRIMINAL LAW AND PROCEDURE. *Larceny. Possession of stolen prop-
erty. Evidence. Explanations.*

Where a defendant, having stolen property concealed on his per-
son, denied its possession and silently witnessed an officer search
a room and another person for it, he has no right to testify
in explanation of his possession what he afterwards told others
or they told him.

FROM the circuit court of Harrison county.

HON. WILLIAM H. HARDY, Judge

Lohrey, appellant, was indicted, tried and convicted of grand
larceny, sentenced to the penitentiary for two years, and ap-
pealed to the supreme court.

The opinion of the court states the facts.

*J. H. Mize,* and *T. A. Hardy,* for appellant.

If the testimony of the appellant is to be believed, he com-
mitted no crime, but was the lawful custodian of Wallace's
money on the occasion in question. Accordingly appellant had
the right to prove every fact favorable to himself and have
the jury pass on the evidence. Of course, if the testimony of
the injured party, Wallace, is to be believed, the right result
was reached, but, in considering Wallace's testimony, the jury
should have been allowed to consider at the same time the
testimony of the appellant, strengthened by everything to which
he was entitled.

Certainly one accused of larceny and found in possession
of the alleged stolen property, is entitled on his trial to give
in evidence statements made by him to other parties, before
he was accused of the crime, in the absence of the owner of the
property, for the purpose of explaining his possession. This

the appellant offered to do, but the court below declined to permit the same in evidence. This constituted error. *Jones* v. *State*, 30 Miss., 653; *Chambers* v. *State*, 62 Miss., 108; *Foster* v. *State*, 52 Miss., 695; *Payne* v. *State*, 57 Miss., 348; *Hodges* v. *State*, 41 Tex. Crim. Rep., 229; *Commonwealth* v. *Rowe*, 105 Mass., 590; *White* v. *State*, 2 Am. & Eng. Ann. Cas., 302; *Ware* v. *State*, 62 Mo., 597; Underhill on Crim. Ev., § 302.

*George Butler*, assistant attorney-general, for appellee.

Appellant contends that the court below erred in refusing to permit him to prove statements made to third persons as to how he came into possession of the money. As a matter of fact, however, he really was allowed to prove his acts and to explain his possession. He testified that he showed the money to the woman, stating to her that the money belonged to Wallace; and that he subsequently showed the money to different persons mentioned. It is true that he was not permitted to state that he had been invited to go to another house, and that he pulled out the money and gave as his reason for not going that he had the money for safe keeping. The court in the absence of the jury ruled this to be incompetent, but the record shows that appellant received the full benefit of the evidence before the jury.

The silence of the appellant, when found with the money upon him, and while the officer was searching the woman found in the room with him, was a circumstance available in evidence against him as showing a consciousness of guilt. Wigmore on Evidence, § 1781, note 4.

CALHOON, J., delivered the opinion of the court.

This case has heretofore been affirmed without writing. A suggestion of error is filed, which seems to insist that the court should write when the statute does not require it. Accordingly, out of deference to counsel, we do write.

Without going into all the details of this case, which over-whelmingly show guilt as charged, it need only be said that a man named Wallace and the defendant seemed to be having their own peculiar enjoyment in bawdy houses and saloons. In one of these houses of ill fame Wallace discovered that three twenty dollar bills had been stolen from him, and so he walked out without saying anything and got an officer, and brought the officer into the room where the appellant was with a woman. The officer asked the woman and the appellant if they had the money, and they said they did not have it, whereupon the officer searched the room, and afterwards searched the person of the woman. He then searched the appellant and found the money — two twenty dollar bills of the sixty dollars in one place on his person, and another twenty dollars among some matches that he had in his pocket. It will be noted that here was a denial of having the money, with no pretense of any explanation of the recent possession. After the money was found on him, the appellant made explanation that Wallace had given him the three twenty dollar bills for safe-keeping. ·

During the trial appellant, being on the stand, was asked what he did with the money while he was in the house, and answered that he showed it to two women, and also testified that a woman and another man invited him to go to another house, and he said this woman was in Mobile, and he had tried by telephone to get her present in court as a witness. All this was given without objection. It will be noted that no application had been made for a continuance, and no explana-tion of where the other man was, or who he was, and it appears that the woman, not named, who invited him to go to another house was in Mobile, and he testified that he showed the money to them. He was then asked, which is the exact point, why he showed it to them. Thereupon the jury was retired, and we have the following words in the record: " Jury retired, and counsel for defendant states he expects to prove by the witness

Opinion of the court.

that after he had delivered the horse (of defendant) he returned to the house where Wallace was, and a woman from another house came to this house and requested defendant to go to her house "— this not being in the presence of Wallace; and then he proceeds to testify that he, "the defendant, pulled out the sixty dollars, and said he had received it from Wallace for safe-keeping, and said he could not go, and showed the money, and stated that Wallace had turned the money over to him to keep for him, and he had to stay there." The court held this evidence not competent. The jury were then brought into the court room, and on the record it appears that the defendant stated, without objection, all he had to say in reference to Wallace's having given him the money for safe-keeping, and also that he had showed it to "these people"— meaning the man and woman.

If there was any proper basis for the objection to the ruling of the court as mentioned, it is clear that it was cured by testimony previously and subsequently given. But the ruling of the court was correct. His explanation of his recent possession by verbal act was not made until after denial and the motive to concoct a story arose. Explanation of possession should come promptly, when it was natural that the accused should speak; otherwise, what he told others or they told him is clearly incompetent. It will not do to admit conversations to support a story so easily fabricated under the circumstances. It is inconceivable that an innocent man would first deny having the money, and then stand and see the room searched, and stand and see a woman searched, and then be permitted, after he himself was searched, and the three twenty dollar bills found concealed about his person, to introduce testimony of his conversation with others.

*Suggestion of error overruled.*