BOWERS v. STATE.[*]

(Division A.    Feb. 7, 1927.)

[111 So. 301.    No. 26120.]

ASSAULT AND BATTERY.    *Variance between charge of assault with wrench and proof of assault with stick held not fatal.*

Variance between indictment charging assault and battery with a deadly weapon, to-wit, a wrench, and evidence of assault with a stick, which jury were warranted in believing was a deadly weapon, is not fatal, not being such as affects the merits.

---

*Corpus Juris-Cyc. References: Assault and Battery, 5Cyc, p. 775, n. 4.

APPEAL from circuit court of Lamar county.

HON. J. Q. LANGSTON, Judge.

Ernest Bowers was convicted of assault and battery, and he appeals. Affirmed.

*J. T. Garraway*, for appellant.

We are able to find but one Mississippi case that holds that it is unnecessary to set out in the indictment the description of the weapon used, which case is *Canterberry* v. *State*, 90 Miss. 279, where there was a strong dissenting opinion by Justice CALHOUN. The rule seems to be clear that when same is set forth in the indictment, then it must be clearly established. See *Lanier* v. *State*, 57 Miss. 102; *Walker* v. *State*, 73 Ala. 17.; *State* v. *Braxton*, 47 La. 158, 16 So. 745, 35 S. W. 670, 62 S. W. 758.

In the case at bar, the appellant was specifically charged with the commission of assault and battery with intent to kill with a deadly weapon; to-wit, a wrench; and the burden was upon the state to prove what was charged, as much so as any other part of the indictment.

The jury, under the facts and instructions in this case, had no authority to bring in such a verdict as they did in this case, any more than they would have had, had they been trying the appellant for stealing a cow as charged in the indictment, and all the proof showed that it was a horse.

*W. A. Scott, Jr.*, Special Agent, for the state.

The appellant seeks a reversal of this case on the ground of a fatal variance in that the indictment alleges the assault to have been committed with a wrench, while the proof shows that the instrument actually used was a stick. It is a well-settled rule in Mississippi that the indictment does not have to allege the particular weapon. *Canterbury* v. *State*, 90 Miss. 279. But we admit that where such allegation is made, it must be substantially

proved. The question, therefore, presented to this court is whether the testimony showing the use of a stick is a substantial proof of the averment charging the use of the wrench. There are a great many adjudications upon this point by courts of the highest jurisdiction, and the rule seems to be that there is no variance when the instrument proved to have been used is of the same general character and calculated to inflict wounds similar to that of the instrument charged in the indictment.

Courts have held that on a charge of cutting with a knife, proof of a razor is sufficient: *May* v. *State,* 100 Ark. 432, 162 S. W. 43; and on an allegation charging the use of a razor, proof of cutting with a knife does not create a variance: *Hull* v. *State,* 72 Ala. 32; and on an indictment charging the use of a bowie knife, proof of a butcher knife will be sufficient: *Hernandez* v. *State,* 22 S. E. 972. The Kentucky court has held that there is no variance between an allegation of a spade and proof of a shovel: *Williams* v. *Commonwealth,* 46 S. W. 699. As between a plank and a piece of iron: *State* v. *Weddington,* 103 N. C. 364, 9 S. E. 577; or between a soda water bottle and any other blunt instrument calculated to produce wounds of a similar nature: *Watson* v. *State,* 94 S. W. 857; or between a shovel and a brick; *State* v. *Spahr,* 117 N. E. 648; or between a stick and a rock: *Gould* v. *State,* 9 N. C. 658. See also 1 Wharton on Criminal Evidence, page 822, section 652; 13 R. C. L. 902; *State* v. *Jenkins,* 94 Am. Dec. 132; *State* v. *Smith,* 54 Am. Dec. 578; *Collins* v. *State* (Tex), 83 S. W. 806.

Appellant is not in a position to raise the question of variance in this court. From the record it will be seen that no motion was made to exclude the testimony on the ground of variance.

SMITH, C. J., delivered the opinion of the court.

There is no merit in any of the assignments of error, and the only one to which we deem it necessary to special-

ly reply is that bringing under review the alleged variance between an allegation in the indictment and the proof.

The indictment alleges that the appellant committed the assault and battery "with a certain deadly weapon, to-wit, a wrench, by striking the said George Davis with said weapon." According to the evidence, the assault was made with a stick, which the jury were warranted in believing was a deadly weapon.

This variance between the indictment and the evidence is not such as affects the merits of the case, or of which the appellant can complain. The rule is that—

"Where the instrument laid and that proved are substantially of the same character, capable of inflicting practically the same nature of injury in substantially the same manner, there is no variance. The question in each case is whether the nature and character of the injury and the manner and means of inflicting it as proved are practically and substantially, though not identically, the same as that alleged." 13 R. C. L. 902.

*Affirmed.*