RONEY *v.* STATE.*

(Division B. Feb. 11, 1929.)

[120 So. 445. No. 27307.]

*Corpus Juris-Cyc References: Criminal Law, 16CJ, section 2242, p. 897, n. 93; 17CJ, section 3626, p. 287, n. 58; Indictments and Informations, 31CJ, section 421, p. 826, n. 78. On the general rule as to effect of variance between allegations and proof in indictment, see 14 R. C. L. 206; 3 R. C. L. Supp. 196; 5 R. C. L. Supp. 754; 6 R. C. L. Supp. 804.

*Collins & Collins,* for appellant.

*Rufus Creekmore,* Assistant Attorney-General, for the state.

Argued orally by *Jeff Collins,* for appellant, and *Rufus Creekmore,* for the state.

COOK, J. The appellant, Hub Roney, was indicted in the circuit court of the Second judicial district of Jones county on a charge of assault and battery with intent to kill and murder, and was convicted of assault and battery, and sentenced to pay a fine of two hundred dollars and to serve a term of three months in the county jail, and from this conviction and sentence he prosecuted this appeal.

The indictment as originally drawn charged that the assault and battery was committed with brass knucks, but the proof offered at the trial was to the effect that the weapon or instrument used by the appellant in the alleged assault was a crutch. When this fact was developed by the evidence, the district attorney filed a written motion to be permitted to amend the indictment by striking out the words ''brass knucks'' and inserting therefor the word ''crutch.'' This motion was sustained by an order entered on the minutes of the court merely reciting that

"the court after considering the same is of the opinion that said motion should be and hereby is sustained;" and thereupon the indictment was amended by inserting the word "crutch" for the words "brass knucks."

The appellant contends that the action of the court in permitting this amendment was erroneous, first, for the reason that the amendment was not such as is authorized under and by virtue of the provisions of section 1508, Code of 1906 (section 1329, Hemingway's 1927 Code), providing for the amendment of indictments when there shall appear to be any variance between the statement in the indictment and the evidence offered in proof thereof; and, second, for the reason that no order for such amendment specifying precisely the amendment to be made was entered on the minutes of the court, as required by section 1509, Code of 1906 (section 1330, Hemingway's Code of 1927).

If it be conceded that the appellant is correct in these contentions, which we do not decide, it does not follow that there was error of which he can complain. It is not every variance between the allegation in the indictment and the proof that will necessitate an amendment of the indictment or a reversal on account of the variance, but it is only when the variance is material and affects the substantive rights of the defendant. In the case of *Bowers* v. *State*, 145 Miss. 832, 111 So. 301, the indictment charged that the assault and battery was committed with a wrench, while the proof showed that the instrument used was a stick. The court held that this variance was not such as affected the merits of the case, or of which the appellant could complain, and approved the following statement of the rule applicable in such cases: "The question in each case is whether the nature and character of the injury and the manner and means of inflicting it as proved are practically and substantially, though not identically, the same as that alleged." This

case is controlling here, and, applying this rule to the facts of this case, we are of the opinion that the variance was not such as required an amendment or affected the merits of the case.

The appellant next contends that the court erred in overruling objections to certain remarks of the district attorney as shown by a special bill of exceptions. The evidence shows that there was a fight between a brother of the appellant and the party who was alleged to have been assaulted by the appellant. The evidence for the state was to the effect that the appellant got out of a car in which he was seated and joined in the fight, using a crutch with telling effect on the head and body of the injured party. The appellant admitted his presence at the scene of the difficulty, but he and a number of witnesses testified that he did not strike the prosecuting witness and took no part whatever in the fight. In the closing argument to the jury, the district attorney used the following language: "This defendant and his witnesses now say that the defendant had nothing to do with this fight, when up to this time he has virtually admitted that he did." Counsel for appellant promptly objected to this statement, but the court overruled the objection.

There does not appear in the record any warrant or basis whatever for this statement, that "up to this time he has virtually admitted that he took part in the fight." All the testimony for the defense was to the effect that the appellant had nothing whatever to do with the fight. That was his sole defense, and there was not a single fact or circumstance in evidence to warrant the statement or the inference that the appellant had ever admitted or virtually admitted that he did take any part in the fight. The statement of the district attorney that up to the time of the trial he had virtually admitted that he had participated in the fight was the statement of a fact which, if accepted, discredited and swept away his entire

defense. This statement, backed by the personal an'' official influence of the district attorney, who asserted i⁴ as a fact, was calculated to discredit the defense offered and to influence the jury to base its verdict upon a fac' not shown by the evidence before them. It is true that within the limits of the testimony, and the inference to be drawn therefrom, counsel are allowed a broad latitude in argument, but this does not extend to the statement of facts not in evidence which are so prejudicial to the defense of the accused. For the error in overruling the objection to this statement of fact by the district attor-- ney, the judgment of the court below will be reversed, and the cause remanded.

*Reversed and remanded.*