CALVIN v. STATE.

In Banc. April 11, 1949.

(39 So. (2d) 772)

Homer **W. Pittman,** for appellant.

**George H. Ethridge**, Assistant Attorney General, for appellee.

**Hall, J.**

Appellant was indicted for murder and upon conviction was sentenced to the penitentiary for life. From the judgment of conviction and sentence he appeals.

The state produced five eyewitnesses, all of whom testified that the appellant approached the deceased on the streets of the City of Hattiesburg late in the afternoon and stabbed him at a time when the deceased was unarmed and was doing nothing to provoke a difficulty or to give apprehension of bodily harm to appellant. After the stabbing the deceased walked across the street and fell upon the sidewalk; an ambulance was called and deceased was carried to the hospital where he was examined and pronounced dead as a result of a knife wound in the heart. Appellant testified, and produced one witness to support him, that at the time of the attack the appellant met the deceased and requested payment of a $1 loan which had been previously made, and that thereupon the deceased cursed appellant, pulled a knife from his pocket and advanced upon the appellant, and that appellant stabbed deceased in self defense. None of the state witnesses saw appellant's witness at the scene of the difficulty and none of them saw deceased pull a knife or make any overt move toward appellant. No knife was found at the scene.

It appears from the testimony for appellant that he had loaned the deceased $1 a week or ten days before the killing; that appellant and deceased had met two or three times previously on the afternoon of the killing and that deceased was drinking and had threatened to kill appellant if he asked again for repayment of his money. Appellant offered two witnesses who testified about one of these incidents which occurred about an hour before the killing. It is complained by appellant that the trial court erred in refusing to permit these witnesses to give the details of what occurred on this occasion. ▮▮ When the testimony was initially offered the trial court did at first exclude it, but the record shows that subsequently these witnesses and the appellant were permitted to testify in detail as to everything that took place, and consequently we find that appellant was not prejudiced by the preliminary exclusion of the testimony.

Appellant also complains of the refusal of one instruction which he requested pertaining to his plea of self defense and outlining what the jury may consider in connection therewith. ██ While there is no particular vice in the refused instruction, nevertheless the appellant was granted eighteen instructions, and eleven of these covered either by piecemeal or in toto the same principles which were embodied in the refused instruction. Therefore the refusal of this one instruction was not prejudicial to appellant, as every principle announced therein was given to the jury as the law of the case by other instructions.

The appellant further complains that the verdict of the jury was a compromise verdict and should not be permitted to stand. The verdict is in every respect regular on its face, finding the defendant guilty as charged but certifying that the jury is unable to agree as to the punishment. Under the law of this state such a verdict carries with it a sentence to life imprisonment, Sections 2217 and 2536, Mississippi Code of 1942. ██ In an unsworn motion for a new trial the appellant averred that no member of the jury voted for a death sentence, and that there was no disagreement among the members of the jury as to the punishment. It is argued in appellant's brief that the trial court erred in denying the appellant the right to show by members of the jury the foregoing averments. There are two answers to this contention. The first is that the record does not show that appellant ever offered any member of the jury as a witness to sustain his motion for a new trial; according to the record he simply filed a motion and it was overruled without any proof being offered thereon. ██ The second is that members of a jury cannot be offered as witnesses to impeach their verdict, and if the trial court did deny the appellant the right to offer such testimony, no error was committed thereby.

After a careful consideration of all the evidence we are of the opinion that the jury was abundantly warranted

in finding the appellant guilty, that no error was committed at the trial in the court below, and that consequently the judgment should be affirmed.

Affirmed.