## Tubb *v.* State.

May 25, 1953

No. 38713          33 Adv. S. 33          64 So. 2d 911

*M. V. B. Miller* and *Gerald Adams,* for appellant.

*Joe T. Patterson,* Assistant Attorney General, for appellee.

ETHRIDGE, J.

Appellant G. B. Tubb was convicted in the Circuit Court of Lauderdale County of manslaughter. Since this case must be reversed and remanded for a new trial because of certain prejudicial arguments of the district attorney, we refrain from commenting upon the evidence except insofar as it may be necessary to indicate the reasons for reversal.

The killing occurred one night in April, 1952, in the Splendid Cafe near the Town of Russell in Lauderdale County. This cafe was frequented by negroes in the community. The State's case was that appellant stabbed Abernathy without justification because of his anger over Abernathy talking to and, one witness said, embracing appellant's girl friend. On the other hand, the defense was that Abernathy was drunk and abusive toward appellant and his girl friend, and that appellant struck the deceased in necessary self defense only after Abernathy had made an imminent threat with a knife upon him. The case was reasonably close on the facts.

The district attorney in his closing argument to the jury made the following statements, which are preserved in a bill of exceptions: "That this was a negro den of iniquity. There was dancing there, there was drinking there, there was gambling there, and there were women there. If you are going to turn a man loose who kills another in a place like that, we cannot enforce the law." He further argued to the jury that "he knew the State's witnesses were telling the truth because he investigated the case." The appellant objected to both of these arguments, and the trial court overruled the objections. Ap-

pellant then made motions for mistrial, which were also overruled.

■■ We do not think that there is any merit to appellant's claim that the reference to a "negro den of iniquity," constitutes an appeal to racial prejudice, because the evidence showed that this was a negro cafe. However, there was no evidence to indicate that this place was a "den of iniquity" or that there was any drinking or gambling or dancing there. Hence those statements and the concluding assertion that "If you are going to turn a man loose who kills another in a place like that, we cannot enforce the law," represented a complete departure from the evidence in the case, and was an improper and prejudicial argument. And the trial court overruled appellant's objections to it. ■■■ Although a broad latitude is allowed counsel in argument, it is well established that it is error to argue statements of facts which are not in evidence or not necessarily inferable from it and which are prejudicial to the defense. Roney v. State, 153 Miss. 290, 120 So. 445 (1929).

■■ Moreover, the district attorney further departed from the evidence when he argued to the jury that "he knew the State's witnesses were telling the truth because he investigated the case." An objection to this was overruled. This was highly prejudicial, extra-judicial testimony by the district attorney concerning his conclusions from his own investigation. When its probable effect is considered as a whole along with the prior departures from the record, and when it is noted that the trial court overruled objections thereto, we think that reversible error was committed.

In Adams v. State, 202 Miss. 68, 30 So. 2d 593 (1947), the district attorney introduced himself and a deputy sheriff as the sole witnesses for the State. It was held that a district attorney is a quasi-judicial officer, and that it was reversible error for the trial court to permit him to testify over appellant's objection, where he was

also acting as the prosecutor in the case. Although here the district attorney did not testify as a sworn witness, the effect of the quoted argument was that he told the jury that he had investigated the case himself, and that from that inquiry he knew the witnesses for the State were telling the truth. It transgressed the principle of the Adams case. And it amounted to the district attorney throwing the weight and influence of his person and office against appellant, by means of extra-judicial testimony concerning his personal investigation, which was not subject to cross-examination by appellant. A somewhat similar argument was condemned as error in' Hammock v. State, 61 So. 471 (Ala. 1913). See also Lee v. State, 75 Miss. 625, 23 So. 628 (1898).

53 Am. Jur., Trial, Section 483, summarizes the principle: ██ "Counsel should never in the course of argument state facts which are based on his own personal knowledge only, regardless of their relevancy to the issues at bar, but if he desires to get such facts before the jury, he should take the stand and present them in a legitimate manner. Neither is it proper for counsel, as a part of his argument, to relate personal experience to the jury. Gross misconduct in this respect, where objection and exception are properly taken, will generally be followed by reversal of judgment in favor of the offending counsel, particularly when proper steps were not taken in the trial court to remedy the error, * * *."

██ Where the State introduces evidence as to flight by a defendant, the latter has a right to explain the reason for his flight. Miller v. State, 198 Miss. 277, 22 So. 2d 164 (1945); 20 Am. Jur., Evidence, Secs. 293-296, 1221. ██ Assuming that the form of the question to appellant on direct examination as to his "intent" to flee was adequate, and that his answer to it was erroneously excluded, nevertheless this error was cured by later admitting on cross-examination similar testimony by defendant, in which he explained why he left the scene of the killing

and hid out the balance of that night. Ewing v. State, (Miss.) 22 So. 2d 245 (1945); Calvin v. State, 206 Miss. 94, 39 So. 2d·774 (1949).

Reversed and remanded.

*Roberds, P. J.,* and *Kyle, Holmes* and *Lotterhos, JJ.,* concur.