BRADY, Justice:
From a conviction and judgment in the Circuit Court of Jefferson County, Mississippi, wherein the appellant was found guilty of manslaughter and sentenced to serve five years in the Mississippi State Penitentiary, this appeal is taken.
A review of the record discloses that on December 12, 1969, the appellant, a twenty-two year old Negro man, saw his paramour, Marvilea Robinson, with one Charlie Nichols at the Medger Evers Liquor Store in Fayette, Mississippi. Charlie Nichols testified that the appellant tapped on the window of the car in which he and the deceased, Marvilea Robinson, were seated, with a Dr. Pepper bottle in one hand and a 38-calibre pistol in the other. Nichols testified that the appellant turned Marvilea’s head to the left, placed the pistol against her neck and fired one time, the bullet proceeding through her neck and striking Nichols in the arm. Nichols immediately fled the car.
Appellant testified that he had gone to his home and obtained the pistol and had it in his hand but that Marvilea “throwed her arm up and hit the gun and it went off. It was an accident.” The appellant testified further that he was not angry at the time he ápproached the car, that he went to the car for the purpose of letting Marvilea know that he knew she had been “going with Charlie Nichols” although she had denied that she was doing so, and seeing them in the car afforded him the chance to tell her that he had seen them together and that he was not going to go with her any more as long as she was going with another man. He further testified that after he fired the pistol he cried out, “oh, Marvilea, I am sorry, I didn’t intend to do that.” He then jumped in Marvilea’s car and drove to the hospital where Mrs. Robinson was pronounced dead.
*819 There is but one error urged for the reversal of this cause, namely, that the lower court erred in refusing to admit the appellant to state that he did not intend to hurt Marvilea. The appellant urges the following assigned error: “The Defendant, as a competent witness on his own behalf, should have been permitted to testify as to his intention at the time he approached the automobile occupied by the deceased.” This turns on the refusal of the court to permit the appellant to answer this question propounded by counsel representing the appellant: “Walter, did you intend to hurt Marvilea?”
The gravamen of the charge of murder upon which this appellant was tried is the deliberate intent with malice aforethought on the part of the appellant to kill and murder Mrs. Marvilea Robinson. The trial court should have permitted the appellant to answer the question propounded by counsel, as stated hereinabove, but this error is harmless for the reason that the record clearly discloses that the appellant stated his reason for going to the car in which the deceased was sitting, namely, to let her know that he knew she was “going with Charlie Nichols” and that he was not going to go with her any more. Tubb v. State, 217 Miss. 741, 64 So.2d 911 (1953); Calvin v. State, 206 Miss. 94, 39 So.2d 772 (1949); Ewing v. State, 22 So.2d 245 (Miss.1945); Lohrey v. State, 91 Miss. 853, 45 So. 145 (1908); McCoy v. State, 91 Miss. 257, 44 So. 814 (1907). The record discloses that he was not angry at the time and he testified that the firing of the gun was caused by the act of Marvilea hitting the gun when when she waved her arm; that the firing of the gun was an accident. Furthermore, the record discloses that immediately after the gun fired, he cried out: “Marvilea, I am sorry, I didn’t intend for the gun to go off.”
The jury evidently believed the appellant and returned a verdict for manslaughter and the appellant was sentenced to five years in the Mississippi State Penitentiary. Under the facts as outlined in this record, the jury would have been justified in finding him guilty of murder.
Since there is no reversible error in this record, the judgment of the lower court is affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, PATTERSON and SMITH, JJ., concur.