SMITH, Justice:
The appellant, Floyd Lamar Nicholson, shot and killed Harold Hardy. As the result of that homicide, Nicholson was indicted and tried for murder in the Circuit Court of Jones County and convicted of manslaughter. His conviction was reversed on appeal to this Court and the case was remanded for another trial as reported in Nicholson v. State, 243 So.2d 552 (Miss. 1971). Upon retrial of the case the issue was limited to Nicholson’s guilt or innocence of manslaughter. He was convicted of that crime and sentenced to serve a term of 17 years in the penitentiary. He appeals.
The facts are recited at some length in the opinion of the Court in Nicholson, supra. The facts in evidence, as adduced upon retrial were, in essential particulars, the same as upon the original trial.
A number of grounds are assigned for reversal.
Appellant contends that the verdict of the jury was “contrary to the overwhelming weight of the evidence.” This objection to the conviction clearly is not well taken, as the record reflects that the evidence amply supported the verdict of the jury.
In his closing argument, the prosecuting attorney put on the blood-stained *352 shirt worn by the deceased when he was shot by Nicholson. He pointed to the bullet hole in the shirt and said to the jury: “Here is all, the constitutional rights the defendant gave Harold Hardy.” This was objected to by the appellant and the objection was overruled. It is now contended that this conduct on the part of the prosecutor was intrinsically so inflammatory that it requires reversal of the conviction.
Several cases are cited where convictions were reversed for improper argument by a prosecuting attorney. These cases fall generally into two categories. (1) Where the argument contained matter not in evidence which was calculated only to inflame or prejudice the jury against the defendant or (2) where the prosecutor indulged in “intemperate characterization, personal abuse or vilification of the accused, tending solely to arouse or inflame the passion and prejudice of the jury against him, even where such comments are to some extent supported by the evidence.”
The first category includes such cases as Tubb v. State, 217 Miss. 741, 64 So.2d 911 (1953); Garrett v. State, 187 Miss. 441, 193 So. 452 (1940) and Roney v. State, 153 Miss. 290, 120 So. 445 (1929). Craft v. State, 226 Miss. 426, 84 So.2d 531 (1956) is an example of the latter.
In the present case, the appellant, testifying as a witness in his own behalf, admitted that he had in fact shot the deceased in the chest with' a rifle, killing him. Pictures taken following the shooting, as well as the testimony of other witnesses, supported that proposition. There was no dispute or question about this fact and it cannot be doubted that the jury already was fully aware from the evidence of everything which was or could have been disclosed by the exhibiting of the shirt. It may be true that the actions of the district attorney were unduly melodramatic and thus regrettable. Moreover, it may be that his conduct in donning the bloody shirt was in questionable taste. Nevertheless, under the undisputed facts, it cannot be said that it was of such repre-hensive or purely inflammatory character, or such a departure from the evidence, as to require reversal. See Peterson v. State, 242 So.2d 420 (Miss. 1970).
Complaint is next made of certain instructions granted at the request of the State. It is argued that the use of the word “immediate,” in referring to the real or apparent danger justifying a shooting in self-defense, was error and that the word “imminent” should have been used instead. The dictionary definitions of the two words are closely related and to discover any substantial difference in their meaning in the context used would require the nicest distinction. Moreover, at least one other instruction on self-defense used the word “imminent” rather than “immediate.” It does not appear to us, particularly in the light of the facts of this case, that there existed any reasonable possibility that this choice of a word could have brought about any confusion or misunderstanding on the part of the jury. When the instructions are read together, as we have said repeatedly that they must be, it appears that appellant’s right of self-defense was adequately and properly covered.
The facts in Windham v. State, 91 Miss. 845, 851, 45 So. 861, 862 (1908) relied upon by appellant to support his contention with respect to the above proposition, differ in controlling particulars from those here. In Windham the appellant was engaged in “A deadly assault (which) was made upon him by the father, and, pending that life and death struggle between the appellant and the father, appellant’s father called out that Sloany was coming on him with a knife. It was therefore instinctive for appellant to do what he did do — hold the father with the left hand and momentarily turn and shoot under his arm or over his arm in the direction of Sloany Ainsworth.”
The refusal of an instruction requested by appellant and also dealing with his right of self-defense is assigned as error. An examination of the instructions *353 given reveals that this proposition was adequately covered by other instructions, and that a denial of the instruction, if error, was without prejudice since the subject was amply covered in the instructions granted.
Finally, it is said that it was error to permit the introduction of contradictory and inconsistent statements made by the appellant. These, in the main, consisted of statements to various people made by appellant immediately following the shooting. One was that he was not the person who had shot the deceased, and another was that one Sullivan had done the shooting. Appellant, testifying in his own behalf, admitted that it was he who had shot the-deceased, but denied having made the statements. It is stated in 22A C.J.S. Criminal Law § 730 (1961) that:
Admissions and incriminating statements have been held to be circumstantial as distinguished from direct evidence; but it has also been held that such statements and declarations are original or direct evidence. In any event, such statements are admissible without regard to whether or not accused testifies, and may be introduced without laying a foundation, as is necessary when it is sought to impeach a witness. [Roney v. State, 167 Miss. 827, 150 So. 774, 775 (1933)]. Of course, where accused testifies, his inconsistent statement may be admissible to impeach his testimony.
Also, from the same authority, “An exculpatory statement is admissible as an admission against accused; [Boyce v. State, 231 Miss. 847, 97 So.2d 222 (1957)].
The trial court did not err in permitting the prosecution to show that immediately following the killing the appellant had stated falsely that he had not killed the deceased but that one Sullivan had actually killed him.
The record in this case leaves it beyond question that appellant armed himself with a loaded rifle in anticipation of an encounter with the deceased. Although there was evidence tending to show that the reputation of the deceased for peace and violence was bad, he was not armed when appellant shot him. When shot, Hardy was approximately a car’s length away from appellant. It is true that appellant testified that the deceased had threatened to kill him when he left the apartment and that he was approaching with his hand in his pocket. It was for the jury to say whether, under all of the circumstances in evidence, appellant was justified in shooting the deceased in self-defense. The judgment of conviction appealed from must be affirmed.
Affirmed.
GILLESPIE, C. J., and PATTERSON, SUGG and BROOM, JJ., concur.