SMITH, Presiding Justice,
for the Court:
Cozy Culberson was indicted on two counts of aggravated assault, the first count charging aggravated assault upon, and wounding of, Richard Ford with a shotgun, and the second, charging an attempt to cause bodily injury (assault) upon David Patterson, also with a shotgun.
Following a trial in the Circuit Court of Attala County, the jury returned a verdict of guilty on the first count and of not guilty on the second. From his said conviction, and sentence of six years imprisonment, Culberson appeals, assigning several grounds for reversal.
Since this is a case that must be reversed and remanded for a new trial a detailed discussion of the evidence is considered unnecessary.
A sufficient statement of the facts may be obtained from the following summary:
At a place known as “Ford’s One Stop”, where groceries and beer were sold and pool tables and pinball machines were available for entertainment, in the early hours of an evening, Culberson and several of his friends, as well as the victim, Ford, who was the proprietor of the place, Ford’s wife and others were present. In the course of a discussion of beer prices, one of Culberson’s friends cursed Ford’s wife, angering Ford, who thereupon physically ejected the offender from his store. It does not appear that Culberson himself was a participant in argument that provoked this encounter, apparently having previously left the store and gone outside with his friends.
Ford escorted the objectionable person out of his store and to an automobile where Culberson and others of Culberson’s friends were gathered. As Ford started to walk back to his store, a shot was fired, apparently toward one Patterson, but Patterson was not hit. There was testimony that a gun was “propped” upon the roof of the automobile and that it was in the hands of Culberson. At the shot, people, including bystanders, ran for cover. Ford returned from his store and with a pistol shot at the tires of the automobile, deflating one or two of them. Four shots then came from the car, including, beside shotgun blasts, small arms fire. From one, or possibly two, of the shotgun blasts, whether fired by Culberson or not, a few pellets struck Ford in his arm and leg.
The evidence shows that these events developed into a miniature war, with both sides armed with a variety of weapons, and that considerable firing on both sides ensued. Fortunately, either intentionally or because of poor aim, casualties were few. Ford, the proprietor, as stated, was struck by several shotgun pellets in the arm and leg and the State’s theory is that these came from a shotgun fired by Culberson. The evidence, with the inferences which reasonably may be drawn from it, supportive of this theory was sufficient to withstand a request for a directed verdict of not guilty.
After the State and the defense had rested and closed in chief, the State called a certain constable as a witness in rebuttal, to testify that Culberson had admitted to him that he, Culberson, had fired the shots that had struck Ford. Since the State had failed to disclose (in response to the defense’s mo *128 tion to produce) the existence of this testimony regarding an alleged confession on the part of Culberson to this witness, an objection was made to the admission of the constable’s testimony. The trial court overruled the objection, and the testimony went in. The testimony of course, that Culberson had admitted that he shot Ford, the act with which he was charged in the indictment, was extremely damaging to say the least. The objection having been overruled and the testimony having gone to the jury, the defense then offered Culberson as a witness in his own behalf in surrebuttal, to rebut the constable’s testimony that he, Culberson, had made the incriminatory admission attributed to him by the constable. This the trial court refused to allow, ruling that “surrebuttal testimony is unknown” in Mississippi practice. This act on the part of the trial court was error and requires a reversal of the conviction and a remand of the case for a new trial.
In Nicholson v. State, 243 So.2d 552 (Miss. 1971), this Court held:
Second, the lower court erred in refusing the appellant the right to put on surrebuttal witnesses. The rule is well settled in this state that where rebuttal evidence is introduced, surrebuttal should be allowed, particularly where to fail to do so would be prejudicial. Riley v. State, 248 Miss. 177, 157 So.2d 381 (1963); Clark v. State, 181 Miss. 455, 180 So. 602 (1938); and Roney v. State, 167 Miss. 827, 150 So. 774 (1933).
This was a hard fought case and is true, but melancholy, proof that, “Wine is a mocker, strong drink is raging: and whosoever is deceived thereby is not wise.” (Proverbs 20:1.)
(243 So.2d at 555).
Objection to the two counts of indictment, complained of on this appeal, requires no discussion. Culberson having been acquitted of the second count, on retrial of the case he will be confronted only with a one count indictment.
The remaining assignment which should be mentioned is the introduction into evidence by the State over objection of a pistol which was not proven to have been used in the commission of the offense charged. The admission of this evidence under such circumstances was error and should not be repeated on retrial. Other alleged errors assigned are without merit or are such as reasonably may not be expected to recur on retrial.
REVERSED AND REMANDED.
PATTERSON, C. J., ROBERTSON, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.