SOUTHWICK, J.,
for the Court:
¶ 1. Phillip Wayne Hollis was convicted of burglary and grand larceny by a DeSoto County Circuit Court jury. Hollis appeals and alleges that a mistrial should have been granted because of an improper comment by *404 the prosecutor as the jury left to deliberate, or at least that the jury should have been admonished to disregard. We find that these issues do not merit reversal and affirm.
FACTS
¶2. From June to July of 1994, Phillip Hollis was employed by Mike Alger to paint his home. As a result, Hollis had access to Alger’s home and gained knowledge of his security system. Alger and his wife returned home from a trip on August 24, 1994 and discovered that several items from their home were missing, including a gold chain, a generator, two pool sticks, a camera, and a rifle. Alger reported the theft to the DeSoto County Sheriffs Office who, in cooperation with the Memphis Police Department, ran Hollis’s name through their computer database of pawnshops in the Memphis area. Hollis’s name was listed as the person who pawned the stolen items at a local pawnshop. The items were subsequently returned to Alger.
¶ 3. Hollis was charged with burglary and grand larceny. On November 11, 1997, a jury found Hollis guilty on both counts, and he was sentenced to ten years with three suspended on the first count and five years suspended on the second count, to run consecutively to the first count.
DISCUSSION
¶ 4. Hollis testified that he purchased from a Memphis store the necklace that was part of the State’s proof of what had been stolen from the Algers’ house. Ownership of that item was a disputed issue. Hollis also testified that the other items that he had pawned were also his own.
¶5. After closing arguments the judge made some brief final explanations regarding the jurors’ duties. When the judge finished, the prosecutor stated that “for the record, I intentionally did not enter the necklace into evidence, and for the record, I’m going to return it to Mr. Alger.” The next statement in the record is the judge’s informing the jurors that they should retire to the jury room. After they left, defense • counsel moved for a mistrial based on the prosecutor’s statement. The court denied the motion, first telling the State that no response was needed to the mistrial request.
¶ 6. All of Hollis’s arguments on appeal center on the prosecutor’s comment. Perhaps it should be characterized as a comment on the evidence, or as a statement of the prosecutor’s personal opinion about Alger’s veracity, or in other ways an intrusion by the prosecutor into the role of a witness. Hollis claims that the jury was improperly influenced by the prosecutor’s vouching for Alger’s claim of ownership. Alger had previously testified that the necklace had been returned to him by the police upon its recovery from the pawnshop. As a result, the jury was already aware that the State was considering Alger the owner and that he had brought the necklace with him to the courtroom.
¶ 7. This was an improper comment. Among the defects is that a prosecutor may not inject “his personal beliefs regarding the veracity of witnesses during closing argument.” Foster v. State, 639 So.2d 1263, 1288 (Miss.1994). The rationale behind this prohibition has been explained by saying that “[t]he power and force of the government tend to impart an implicit stamp of believability to what the prosecutor says. That same power and force allow him, with a minimum of words, to impress on the jury that the government’s vast investigatory network, apart from the orderly machinery of the trial, knows that the accused is guilty or has non-judicially reached conclusions on relevant facts which tend to show he is guilty.” U.S. v. Garza, 608 F.2d 659, 663 (5th Cir. 1979).
¶8. All errors of course do not require reversal. A fair, not a perfect trial, must be assured. The test for reversal “is whether the natural and probable effect of the prosecuting attorney’s improper argument created unjust prejudice against the accused resulting in a decision influenced by prejudice.” Carr v. State, 655 So.2d 824, 845 (Miss.1995). Rarely does reversal result from bolstering or vouching by the prosecutor. Chase v. State, 645 So.2d 829, 855 (Miss.1994) (prosecutor’s comment that a witness was “trying to tell the truth” and was “amaz *405 ingly accurate” held not to be improper vouching); Foster v. State, 639 So.2d 1263, 1289 (Miss.1994) (a statement by the prosecutor that “[the witness’s] testimony was corroborated in every particular” not reversible error); Dunaway v. State, 551 So.2d 162, 164 (Miss.1989) (prosecutor who referred to defense expert as “a whore” committed error, but not reversible error); Tubb v. State, 217 Miss. 741, 64 So.2d 911, 912 (1953) (prosecutor who tells jury during closing argument he knows that State’s witnesses are telling the truth commits error which may be reversible).
¶ 9. The prosecutor’s comment here does not rise to the level required for reversal. “Any allegedly improper prosecutorial comment must be evaluated in context, taking into consideration the circumstances of the case when deciding the comment’s propriety.” Davis v. State, 660 So.2d 1228, 1248 (Miss.1995). The remark concerned information of which the jury was already aware. The error is likely harmless if the comment is not part of a pattern of statements, but “appears to have simply been an isolated statement_” Shell v. State, 554 So.2d 887, 900 (Miss.1989).
¶ 10. Hollis also contends that the jury should have been admonished to disregard the prosecutor’s remark. However, no request for this was made, and Hollis may not properly raise the point for the first time on appeal. Stringer v. State, 500 So.2d 928, 937 (Miss.1986).
¶ 11. THE JUDGMENT OF THE DESO-TO COUNTY CIRCUIT COURT OF CONVICTION ON COUNT I OF BURGLARY OF A DWELLING AND COUNT II OF GRAND LARCENY AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THREE YEARS SUSPENDED ON COUNT I AND FIVE YEARS SUSPENDED ON COUNT II TO RUN CONSECUTIVELY WITH COUNT I AND TO PAY RESTITUTION OF $1,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO DESOTO COUNTY.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, and PAYNE, JJ., concur.